IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3199-M

JARRELL DAMONT WILSON, )
)
Plaintiff, )
)
v. ) **ORDER**
)
STATE OF NORTH CAROLINA, )
)
Defendants. )
)

On July 5, 2023, Jarrell Damont Wilson ("Wilson"), a state inmate proceeding pro se, filed a verified complaint pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 [D.E. 1]. The court grants Wilson's application to proceed in forma pauperis [D.E. 2]. See District Court Miscellaneous Fee Schedule, n.14. As explained below, the court dismisses the action.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

Additionally, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Accordingly, a federal court must determine if a valid basis for its jurisdiction exists and "dismiss the action if no such ground appears." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see Fed. R. Civ. P. 12(h)(3). A party's failure to establish subject-matter jurisdiction may be raised at any time by any party or by the court. See Arbaugh, 546 U.S. at 506–07.

"On 17 July 2009, Wilson shot and killed Gabriel Ape and Christopher Watts." State v. Wilson, 217 N.C. App. 401, 720 S.E.2d 29, 2011 WL 6046897, at *1 (2011) (unpublished table opinion), writ denied, 874 S.E.2d 611 (N.C. 2022); cf. Compl. ¶ 5. On November 23, 2010, a "jury found Wilson guilty of two counts of first-degree murder and two counts of second-degree murder. The trial court imposed two concurrent sentences of life imprisonment without parole for the first-degree murder convictions and arrested judgment on the second-degree murder convictions. Wilson gave notice of appeal in open court." Wilson, 2011 WL 6046897, at *1; cf. Compl. ¶ 7. On December 6, 2011, the North Carolina Court of Appeals found no prejudicial error. Wilson, 2011

2

WL 6046897, at *2.

On December 7, 2012, Wilson filed a motion for appropriate relief ("MAR") in the trial court, which denied the motion on December 27, 2012. See State v. Wilson, 241 N.C. App. 174, 772 S.E.2d 876, 2015 WL 2062048, at *1 (2015) (unpublished table opinion); cf. Compl. ¶¶ 5–9. On December 27, 2013, Wilson filed a petition for writ of certiorari in the North Carolina Court of Appeals. See Wilson, 2015 WL 2062048, at *1. On May 5, 2015, the North Carolina Court of Appeals affirmed the trial court's denial of Wilson's MAR, but remanded for resentencing to arrest judgment on one of Wilson's two counts of first degree felony murder pursuant to the felony murder merger rule. See id., 2015 WL 2062048, at *2–3.

With certain provisions for tolling and other exceptions, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") generally requires that a state inmate file any application for a writ of habeas corpus in federal court within one year of his conviction. See 28 U.S.C. § 2244(d)(1); Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005); cf. Compl. ¶ 2. Wilson argues "that the one-year statute of limitations tolling to prosecute a 28 U.S.C. 2254 federal habeas corpus application should be waived, excused or otherwise granted exception where the North Carolina State Court Judiciaries were without competent and/or subject jurisdiction to prosecute the plaintiff" and seeks "a declaratory judgment that actually and clearly sets out the appropriate legal standings with respect to the one-year statute of limitation exceptions for the submission of" his habeas petition. Compl. at 2–3, 11–12 (cleaned up).

Wilson must actually file a habeas petition in order to litigate the issue of whether any such petition is timely. See Calderon v. Ashmus, 523 U.S. 740, 747–48 (1998); United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (collecting cases). To the extent Wilson attacks the validity of his conviction, he cannot circumvent the provisions of AEDPA through the Declaratory Judgment Act.

3

See Calderon, 523 U.S. at 747; United States v. Payne, 54 F.4th 748, 753–54 (4th Cir. 2022); Pruitt v. Campbell, 429 F.2d 642, 645 (4th Cir.1970); Hurley v. Lindsay, 207 F.2d 410, 411 (4th Cir.1953) (per curiam); Leonor v. Heavican, No. 8:21-CV-76, 2021 WL 2555654, at *5 (D. Neb. June 22, 2021) (unpublished) (collecting cases), aff'd, No. 21-2661, 2021 WL 6689168 (8th Cir. Aug. 16, 2021) (unpublished). Accordingly, the court lacks jurisdiction over Wilson's complaint. See Calderon, 523 U.S. at 749; United States v. Thompson, 850 F. App'x 843, 843 (4th Cir. 2021) (per curiam) (unpublished); Leonor, 2021 WL 2555654, at *6; Lee v. Ivey, No. 2:20-CV-499, 2020 WL 8832504, at *7 (M.D. Ala. Dec. 9, 2020) (unpublished), report and recommendation adopted, 2021 WL 677898 (M.D. Ala. Feb. 22, 2021) (unpublished).

III.

In sum, the court DISMISSES the action WITHOUT PREJUDICE for lack of subject-matter jurisdiction. The clerk shall close the case.

SO ORDERED this 14th day of July, 2023.

RICHARD E. MYERS II
Chief United States District Judge

4